656 S.E.2d 375

**In the Matter of Tynika Adams CLAXTON, Respondent.**

**No. 26417.**

Supreme Court of South Carolina.

Submitted Nov. 27, 2007.

Decided Jan. 14, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Jason B. Buffkin, of Cayce, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a range of sanctions from a confidential admonition to a sixty day suspension pursuant to Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and suspend respondent from the practice of law in this state for sixty days. The facts, as set forth in the Agreement, are as follows.

## FACTS

Respondent conducted a closing of a mortgage without the presence of a third party witness. Subsequent to the closing, respondent requested and allowed her husband to sign as a witness to the mortgage when he was not present at the execution of the mortgage and did not witness the execution of the mortgage. Respondent, in her capacity as Notary Public for the State of South Carolina, took the oath of her husband regarding his witnessing the mortgagees' signatures on the mortgage when respondent knew the testimony to be false. This occurred on eight other occasions.

### Law

Respondent admits that by her conduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 4.1(a)(in the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(d)(it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation). Respondent also admits that she has violated Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, by violating the Rules of Professional Conduct.

### Conclusion

We find a sixty day suspension is the appropriate sanction for respondent's misconduct. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for sixty days. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.